**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES E. ZOPH,<br><br>Petitioner,<br><br>v.<br><br>JACOB BAILEY,<br><br>Respondent. | Case No. 25-cv-13237<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Petitioner James E. Zoph, a prisoner at Hill Correctional Center, brings two *pro se* petitions under 28 U.S.C. § 2254 ("Section 2254") challenging his conviction for first-degree murder. Respondent Jacob Bailey, Warden of Hill Correctional Center, opposes the petitions as time barred. For the following reasons, the Court dismisses the Section 2254 petitions as untimely.

## I. Background[1]

Following a 2005 jury trial in Lake County, Illinois, Petitioner was convicted of first-degree murder in connection with the death of his aunt. [1] at 1; [9-1]; *People v. Zoph*, 381 Ill. App. 3d 435, 449 (2008) ("*Zoph I*"). The trial court sentenced Petitioner to life imprisonment without the possibility of parole. *Zoph I*, 381 Ill. App. 3d at 449. Petitioner appealed, and on March 28, 2008, the Illinois Appellate Court affirmed

[1]When addressing a Section 2254 petition, federal courts "take facts from the Illinois Appellate Court's opinion because they are presumptively correct on habeas review." *Hartsfield v. Dorethy*, 949 F.3d 307, 309 n.1 (7th Cir. 2020) (citing 28 U.S.C. § 2254(e)(1)).

Petitioner's conviction and sentence. *Id.* at 461. Petitioner did not file a petition for leave to appeal ("PLA") with the Illinois Supreme Court. [1] at 2.

On May 11, 2008, Petitioner filed a *pro se* post-conviction petition pursuant to 725 ILCS 5/122-1, *et seq*. [9-4]; [9-5]. Petitioner filed nineteen *pro se* supplements and amendments between 2008 and 2015. [9-2]; *People v. Zoph*, 2023 Il App (2d) 220123-U ("*Zoph II*"), ¶ 17. In 2015, the trial court advanced the matter to second-stage proceedings and appointed counsel. *Zoph II*, ¶ 19. In 2020, the trial court found *bona fide* doubt as to Petitioner's fitness to participate in the post-conviction proceedings and ordered a fitness evaluation, which was conducted by Dr. Anthony Latham on August 6, 2020. *Id.* ¶¶ 24–27. On February 17, 2022, the trial court dismissed one of Petitioner's post-conviction claims and, on April 11, 2022, denied the other following a third-stage evidentiary hearing. *Id.* ¶¶ 34–36.

Petitioner appealed, and the Illinois Appellate Court held that the trial court erred in allowing the proceedings to continue without first making a judicial determination as to Petitioner's fitness for postconviction proceedings. *Id.* ¶ 61. The Illinois Appellate Court remanded the case for the limited purpose of a retrospective fitness hearing. *Id.* ¶ 72. On remand, the trial court found, based on Dr. Anthony Latham's testimony and report in connection with his August 6, 2020 examination, that Petitioner was fit as of August 6, 2020. [9-3]; *People v. Zoph*, 2024 IL App (2d) 220123-UB ("*Zoph III*"), ¶ 59. On September 20, 2024, the Illinois Appellate Court affirmed the trial court's fitness finding and the dismissal of Petitioner's post-conviction petition. *Id.* ¶¶ 70, 81, 99. Petitioner did not file a PLA from that decision. [1] at 5.

On October 29, 2025, Petitioner filed a Section 2254 petition (Docket No. 25-cv-13237) challenging his 2004 murder conviction. [1]. In it, Petitioner asserts he is a diplomat named "Jonathan Luc Peterson" and raises three grounds based on that premise: (1) that his prosecution violated the Vienna Convention on Diplomatic Relations (Ground 1); (2) that his conviction violated his due process right to diplomatic immunity (Ground 2); and (3) that the trial court lacked subject matter jurisdiction (Ground 3).[2] *Id.* at 5, 7, 8.

On January 14, 2026, Petitioner filed a second Section 2254 petition (Docket No. 26-cv-493) challenging the same 2004 murder conviction. *Zoph v. Bailey*, Case No. 26-cv-00493, [1]. In his second petition, Petitioner contends that: (1) he was incompetent to stand trial (Ground 4); (2) he was incompetent to waive his Fifth Amendment rights during custodial interrogation (Ground 5); (3) the prosecution suppressed a 911 call placed by Nicholas Vitrul (Ground 6); and (4) he was incompetent to participate in his post-conviction proceedings (Ground 7). *Id.* at 5–10.

On January 26, 2026, Petitioner filed a *pro se* motion for leave to file a successive post-conviction petition with the state trial court, principally seeking to relitigate the fitness finding affirmed in *Zoph III*. [15] at 1.

On February 27, 2026, Respondent moved to dismiss both Section 2254 petitions as untimely. [9]. That same day, Respondent also moved to consolidate the petitions into a single case. [8]. This Court consolidated the cases on March 4, 2026. [10].

[2]Petitioner also includes a fourth ground, [1] at 10, but that "ground" requests leave to subpoena the U.S. Department of State for records and is not an independent basis for relief.

On April 8, 2026, the state trial court denied Petitioner's *pro se* motion for leave to file a successive post-conviction petition. [15] at 5.

## II. Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996, a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); *see also Lawrence v. Fla.*, 549 U.S. 327, 331 (2007). The one-year limitation runs from the latest of four possible dates: (A) the date on which the judgment of conviction became final; (B) the removal of a state-created unconstitutional impediment that prevented the applicant from filing the petition; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right is retroactive on collateral review; or (D) the date of discovery of the factual predicate of the claim through the exercise of due diligence. 28 U.S.C. 2244(d)(1)(A)-(D). The limitations period is tolled for the pendency of a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). The statute of limitations "serves the well-recognized interest in the finality of state court judgments" and reduces "the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan v. Walker*, 533 U.S. 167, 179 (2001).

## III. Analysis

The central question here is whether the Section 2254 petitions are untimely under 28 U.S.C. § 2244(d)(1). As Petitioner does not cite any "State action" that

"imped[ed]" him from filing his petitions, any "constitutional right" made retroactive on collateral review, nor any "factual predicate[s]" that were later discovered,[3] §§ (d)(1)(B)–(D) are inapplicable. *Id.* The Court therefore evaluates timeliness under § (d)(1)(A) and whether equitable tolling applies.

**A. § 2244(d)(1)(A)**

Petitioner's conviction became final on May 2, 2008, upon expiration of the 35-day window to file a PLA with the Illinois Supreme Court after his direct appeal was decided on March 28, 2008. Ill. Sup. Ct. R. 316; *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (a judgment is final when the time for seeking further review expires). For all but Ground 7, the limitations period started the next day and ran for eight days until May 11, 2008, when Petitioner filed his first post-conviction petition. [9-4]; [9-5]; *Jones v. Bertrand*, 171 F.3d 499, 501-02 (7th Cir. 1999) (prisoner mailbox rule applies to federal habeas petitions). The limitations period was tolled thereafter until September 20, 2024, when the Illinois Appellate Court affirmed the denial of post-conviction relief in *Zoph III* and Petitioner did not seek a PLA.[4] *Patterson v. Adkins*, 124 F.4th 1035, 1045 (7th Cir. 2025) (the limitations period resumes running upon appellate court's order affirming denial of postconviction relief if petitioner does not file PLA). For Grounds 1 to 6, the limitations resumed running on September 21,

[3]Though Petitioner alleges that some information was belatedly discovered, [11] at 12–15, *Zoph v. Bailey*, Case No. 26-cv-00493, [1] at 6, 13–14, the dates of discovery are not later than the § (d)(1)(A) dates discussed below.

[4]Although Petitioner sought leave to file a successive post-conviction petition on January 14, 2026, he was denied leave to file that petition. [15]. As such, the successive post-conviction petition did not toll the limitations period. *See Martinez v. Jones*, 556 F.3d 637, 638-39 (7th Cir. 2009) (noting that a successive petition "tolls the limitations period only if the state court grants permission to file it"). Moreover, Petitioner's motion for leave was filed *after* the limitations period had already expired.

2024, with 357 days remaining, and expired on September 13, 2025. And for Ground 7, the limitations period began running on September 21, 2024 and ran unabated until it expired on September 21, 2025.

Petitioner filed his first Section 2254 petition on October 29, 2025 and his second on January 14, 2026. Both dates are past September 21, 2025. Therefore, the petitions are untimely under § 2244(d)(1)(A).

Resisting this outcome, Petitioner contends that the claims predicated on his diplomatic status (Grounds 1 to 3) are not governed by any limitations period because his diplomatic agent-level immunity deprived the state trial court of jurisdiction to prosecute and convict him. [11] at 2–3, 9–10. However, Petitioner provides no authority[5]—nor has the Court found any—holding that the § 2244(d)(1) limitations period does not apply to petitions alleging jurisdictional defects with the state trial court. To the contrary, courts have repeatedly dismissed as untimely petitions challenging the state trial courts' jurisdiction to convict and sentence the petitioners. *Smith v. Jones*, No. 3:14CV195/MCR/EMT, 2015 WL 521067, at *10 (N.D. Fla. Feb. 9, 2015) (collecting cases); *Hornsby v. Booker*, No. 2:06-CV-12608, 2007 WL 1499839, at *1 (E.D. Mich. May 22, 2007) ("a prisoner filing a habeas corpus petition is not exempt from the statute of limitations simply because the prisoner raises a claim that the state court lacked jurisdiction"); *Lindsey v. Harpe*, No. 23-5053, 2023 WL 5054340, at *1 (10th Cir. Aug. 8, 2023) (dismissing petitioner's claim that the

---

[5]Petitioner only cites *Abdulaziz v. Metropolitan Dade County*, 741 F.2d 1328 (11th Cir. 1984), which concerned deference owed to the U.S. Department of State's certification of diplomatic status in a civil suit. *Abdulaziz* does not address timeliness under § 2244(d)(1).

Oklahoma state court lacked jurisdiction to prosecute him as untimely); *see also* *Weatherspoon v. Clarke*, No. 1:20CV402 (CMH/TCB), 2020 WL 4032135, at *2 (E.D. Va. July 14, 2020).

**B. Equitable Tolling**

As Petitioner filed his petitions outside the one-year period, the Court considers whether equitable tolling excuses that delay. To take advantage of equitable tolling, Petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014) (citation omitted). Of relevance here, mental illness may toll the limitations period, but "only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Obriecht v. Foster*, 727 F.3d 744, 750–51 (7th Cir. 2013) (emphasis in original).

Petitioner "has been diagnosed with serious and persistent psychiatric disorder for nearly two decades." *Zoph III*, ¶ 49. But the record does not demonstrate that Petitioner's history of mental illness prevented him from pursuing his rights during the relevant time-period: September 21, 2024 to September 21, 2025.[6] Petitioner has not identified any specific medical event, hospitalization, or documented episode occurring during the limitations period that impaired his ability to file. *Conroy v. Thompson*, 929 F.3d 818, 820 (7th Cir. 2019) (a "petitioner must provide evidence establishing that his mental issues actually impaired his ability to pursue his claims

[6]For Grounds 1 to 6, even if the Court were to exclude the eight days between May 2, 2008 and May 11, 2008, Petitioner still needed to file by September 21, 2025.

throughout the limitations period") (quotations omitted). Moreover, construing the petitions liberally, the Court has not identified any other circumstance that would allow for the tolling of the one-year clock.

## IV. Conclusion

For the reasons explained, Respondent's motion to dismiss [9] is granted. Petitioner's Section 2254 petition [1] is dismissed with prejudice as untimely. As reasonable jurists would not debate the Court's procedural ruling here, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the Court declines to issue a certificate of appealability. Because certification by the U.S. Department of State as to Petitioner's diplomatic status would not render the petition timely, motion to subpoena [12] and motion for writ [16] are denied as moot. The Court will enter a separate order in *Zoph v. Bailey*, Case No. 26-cv-00493 denying that petition as untimely. The Clerk is directed to enter a judgment of dismissal in Respondent's favor. Civil case terminated.

E N T E R:

Dated: August 24, 2026

Mary M Rowland

MARY M. ROWLAND
United States District Judge